## SUPREME COURT.

### Rufus Park agt. Elijah Castle.

A tenancy from *year to year* is, under the provision of the Revised Statutes, for the summary dispossession of tenants, a tenancy for *one or more years*.

Therefore, a tenant from year to year may, after the expiration of his term, that is, at the expiration of each year he holds over the original term, be proceeded against in a summary manner for his removal from the premises, *without any notice to quit.*

There is no such estate as a tenancy " at will from year to year;" its assertion is a solecism. (*The case of Prouty* agt. *Prouty,* 5 *How. Pr. R.,* 81; *and Wright* agt. *Mosher,* 16 *id.,* 454.—*County court decisions, non-concurred in on this question.*)

Whether a tenant, from year to year, must now have six months' notice to quit, to authorize the landlord to turn him out of possession *by action. Quere ?*

*It seems,* that six months' notice to quit may be necessary to authorize the removal of a tenant, from year to year, by summary proceedings, where there is a valid lease *in writing* for the term of one year, *and thereafter,* until one or the other party *elects to terminate it.*

*Broome Special Term, February,* 1860.

This was a summary proceeding to remove the defendant from the possession of a farm, in the town of Binghamton, as tenant of the plaintiff. It was commenced before a justice of the peace, under the act of 1849. (*Laws of* 1849, *p.* 291.) The case made by the plaintiff before the justice was, that he leased the farm by parol, without writing, to the defendant, for one year, commencing on the first day of April, 1857; that the defendant occupied the farm under this lease until the first day of April, 1858, and that then he continued to occupy the farm for another year, by permission of the plaintiff, but without any agreement being made in respect thereof; that on the 26th day of February, 1859, the plaintiff served a notice in writing on the defendant, requiring him to surrender, by the first day of April then next, the possession of the farm; and that the holding by the defendant after the first day of April, 1859, was without the permission of the plaintiff.

On the second day of April, 1859, the justice issued his summons to the defendant, which was served; and the defendant appeared before the justice and filed an affidavit, and the issue thus formed was tried by a jury. The defendant insisted, before the justice, that the plaintiff's evidence showed the defendant was a tenant from year to year, and that he was entitled to six months' notice to quit. The justice held otherwise, and the defendant excepted. The jury rendered a verdict in favor of the plaintiff, on which the justice gave the usual judgment against the defendant. The defendant appealed to the Broome county court. The county judge was incapable of acting in the cause, and the county court transferred the case to the supreme court, pursuant to subdivision eleven of section thirty of the Code. The case was argued at a special term, held in Broome county, before Justice BALCOM, in February, 1860.

H. S. GRISWOLD, *for plaintiff.*
LEWIS SEYMOUR, *for defendant.*

BALCOM, Justice. There can be no doubt but that the defendant, by holding over after the expiration of the year for which he hired the farm, without any new agreement, but by permission of the plaintiff, became a tenant from year to year. The authorities agree in regard to this proposition. (*See* 4 *Kent's Com.*, 9th ed., 124–131.) I cannot hold that the defendant was a tenant *at will from year to year*, although the Ontario and Saratoga county judges have decided that a person in a like situation is such a tenant. (*Prouty* agt. *Prouty*, 5 *How. Pr. R.*, 81; *Wright* agt. *Mosher*, 16 *id.*, 454). The distinction between a tenancy at will, and one from year to year, is as well defined as that between one for life and one for years. There is no such estate as one " at will from year to year." The assertion that there is such a tenancy as one " at will

from year to year," is a solecism. When actions of eject-
ment would lie against tenants at will, without notice to
quit, courts construed tenancies at will to be tenancies
from year to year, in order that tenants should not be sub-
ject to such actions without notice. (*See* 7 *Johns. R.*, 1;
4 *Cowen*, 349; 8 *id.*, 13, 226; 4 *Wend.*, 327; 11 *id.*, 617.)
But a tenant from year to year, was never construed to be
a tenant at will until it was done in the two cases above
cited.

An act was passed in 1820, which provided for the
removal, summarily, of any tenant at will, or at sufferance,
or for part of a year, or one or more years, or from year
to year, who should, " after the expiration of his, her, or
their term," hold over and continue in possession of
demised premises, without the permission of the landlord;
and no notice was required to be given to the tenant to
authorize his removal, unless the tenancy was at will or
sufferance. The case of *Nichols* agt. *Williams* (8 *Cowen*,
13) arose when this act was in force; and it was held
therein that a tenant from year to year, " not being men-
tioned in the act as entitled to notice," might be turned
out of possession without any.

By the Revised Statutes (2 *R. S.*, 513, § 28) any tenant
at will or at sufferance, or for any part of a year, or for one
or more years, of houses or lands, may be removed sum-
marily, where he shall hold over and continue in possession
of the same *after the expiration of his term*, without the
permission of the landlord; and no notice to remove there-
from is required, except where the holding is at will or by
sufferance, and then one month's notice in writing must be
given to the tenant. (1 *R. S.*, 745, § 7.)

The defendant's counsel insists, that because the words
" from year to year," which were in the act of 1820 (*Laws
of* 1820, p. 176) are omitted in the Revised Statutes, a
tenant from year to year cannot be removed summarily,
unless the landlord has given him six months' notice to

quit. I think this position is untenable, for a tenant from year to year is clearly a tenant for one or more years; hence the words, "from year to year," would have been superfluous in the Revised Statutes; and the authors of those statutes seldom used any unnecessary words. Besides, if a tenancy from year to year is not to be regarded as a tenancy for one or more years, there is no authority whatever for removing a tenant from year to year by summary proceedings, for holding over after the expiration of his term, even though he has had a half year's notice to quit, or for removing him summarily for the nonpayment of rent; and he can only be turned out of possession *by action* for any cause. I do not think the authors of the Revised Statutes intended to exempt tenants from year to year, from being removed by summary proceedings, or that they have thus favored such tenants.

Now, as no notice to quit is required by the Revised Statutes to be given to a tenant, for one or more years, to authorize summary proceedings for his removal, none need be given him; and as a tenant from year to year is a tenant for one or more years, he may be proceeded against in a summary manner, for holding over after the expiration of his term, without six or one month's previous notice, as was held in *Nichols* agt. *Williams* (*supra*). That case is mentioned as good authority in Kent's Commentaries (*see* 4 *Kent's Com.*, 9*th ed.*, 129, 130), and it was approved by Justice WILLARD, in *Post* agt. *Post* (14 *Barb.*, 255).

The court, in deciding *Nichols* agt. *Williams*, must have been of the opinion that the *term* of a tenant from year to year expires at the end of each year he holds over the original term, or they could not have held that he continued in possession *after the expiration of his term*, when his landlord omits to give him six months' notice to quit; and I think the term of a tenant, from year to year, should be regarded as ended, within the meaning of the Revised Statutes authorizing the summary removal of tenants, at

the expiration of each year he holds over the original term. It is so, in fact, especially since no verbal contract for leasing is good for a longer period than one year. (2 *R. S.*, 135, § 8.) And when a tenant for a year, or for one or more years, holds over after the expiration of his term, without any express agreement, but with the assent of his landlord, the law implies that he holds the premises upon the former terms *for another year*. (*See* 1 *Denio*, 113; *Sherwood* agt. *Phillips*, 13 *Wend.*, 479; 8 *Cowen*, 226; 3 *Hill*, 547.) Hence he may be turned out of possession summarily, without any previous notice, at the end of any year he so holds over, because his term, that the law fixes for him, then expires, and he knows, without notice, that he cannot continue in possession longer, unless he has permission from his landlord. If the legislature had intended a tenant, from year to year, should have one month or a half year's notice to quit, to authorize his landlord to remove him summarily, I think they would have so declared; and as they have not said he must have such a notice, courts should not hold he is entitled to any. (8 *Cowen*, 13.)

If a tenant from year to year cannot be removed summarily at the end of any year, after the expiration of the original term, unless he has had six months' notice to quit, he has rights that are possessed by no other kind of tenants; and a tenancy from year to year is more difficult to terminate than it ought to be.

Whether a tenant from year to year must now have six months' notice to quit, to authorize the landlord to turn him out of possession *by action*, is a question not in the case.

I am not prepared to say that a half year's notice to quit is not necessary to authorize the removal of a tenant from year to year by summary proceedings, where there is a valid lease in writing for the term of one year, and thereafter, until one or the other party elects to terminate

it (*see* 1 *Kern.*, 494), or where there is a lease, under seal, for a year, and so from year to year as long as it should please both parties (*see* 13 *Wend.*, 482, *and cases there cited*); because the parties themselves expressly agree in such cases for the continuance of the tenancy, until one or the other signifies his intention, by notice, to terminate it; and the law does not imply that it expires at the end of any year, without one of the parties has notified the other it should so terminate. But such is not this case, for the lease was not in writing, and the parties could not bind themselves by a mere verbal agreement, to continue it longer than one year, or after one year until one or the other should elect to terminate it. The law only implies that the lease was extended *one year* after the expiration of the original term agreed upon.

My conclusion is, that the defendant was not entitled to six months', or one month's notice, to remove from the farm, and that the plaintiff had the right, at the expiration of the second year, to turn him out of possession summarily, without giving him any notice to quit.

As the justice committed no error affecting the merits of the case prejudicial to the defendant, in admitting or rejecting evidence, his judgment should be affirmed, with costs.