POMPILIA PEDICINI, Landlord, Respondent, *v.* D & M METAL SPECIALTIES, INC., Tenant, Appellant, and INTERNATIONAL METAL SPECIALTIES, INC., Undertenant.

Supreme Court, Appellate Term, First Department, November 2, 1950.

*Marc Hermelin* for appellant.

*Anthony J. Romagna* and *Arthur H. Printz* for respondent.

HECHT, J. The lease, which is not subject to the provisions of the emergency statute, provides in paragraph 1: " During the 30th month of this lease, the tenant shall have the privilege of notifying the landlord, by registered mail, of the intention of the tenant to declare the lease cancelled at the expiration of the third year of the lease. In that event, the landlord shall apply as rent the security held by the landlord for the months commencing on the 31st month of the lease and terminating on the 36th month of the lease, and thereupon, the lease shall be deemed terminated and the obligations of the parties hereto cease. In the event, however, that the tenant fails to so notify the landlord during the 30th month of the lease, this lease shall be deemed to be a lease for a period of five years and the tenant shall not have the privilege of thereafter cancelling the lease."

The tenant availed of the above privilege contained in paragraph 1st by giving the requisite six months' notice; no objection was made by the landlord to compliance with the covenant, and accordingly no demand for rent was made during the six months' period, until July 15th or 16th, when demand was made for $2,800 in this proceeding for the six months' rent as well as for the month beginning July 15th.

The landlord claims that the tenant is in default of payment of six months' rent for the period succeeding the service of notice of cancellation of the lease ending July 14, 1950, and for one month's rent in advance beginning July 15, 1950.

Subdivision 2 of section 1410 of the Civil Practice Act provides that the landlord may bring a summary proceeding for nonpayment of rent where the tenant holds over without the permission of the landlord after default in the payment of rent pursuant to the agreement, or successive agreements under which the demised premises are held.

Clearly the landlord was not entitled to the statutory remedy of dispossession in this instance insofar as $2,400 for the six months is concerned. (See *Tolk* v. *Cohen,* 62 Misc. 230.)

There is another compelling reason operative against the landlord.

In *Printerion Realty Corp.* v. *Fischer-Partelow, Inc.* (167 Misc. 452), a summary proceeding for nonpayment of rent, the tenant originally took possession of the premises May 1, 1931, under a five-year lease; the term was extended for an additional year to April 30, 1937, and the landlord notified the tenant that the lease expired April 30, 1937, and elected to treat the tenant as a monthly tenant at the same monthly rent required to be paid by the terms of the lease. This court held

that dispossession for nonpayment of rent could only be had for nonpayment of any rent which became due under the monthly tenancy; that when the landlord elected to renew the monthly tenancy at the beginning of any month it could not dispossess for nonpayment for the prior month, awarding the landlord, however, judgment for the rent due and also for the months beginning with February, 1936, to and including November, 1937.

In its opinion the court (FRANKENTHALER, J.) says (pp. 453–454): " In *People ex rel. Chrome Steel Co.* v. *Paulding* (22 Hun, 91) it was held that a tenant holding over several years after the expiration of its five-year tenancy continued to hold under the original demise and that summary proceedings for non-payment of rent for two or more years could be availed of by the landlord. But the case does not accord with the decision in *Kennedy* v. *City of New York* (196 N. Y. 19, 23) that ' each holding over, where acquiesced in by the landlord, constitutes a new term, separate and distinct from those which preceded it, and related to each other only in the conditions of the original lease which the law reads into the new tenancy.' (See *Adams* v. *City of Cohoes,* 127 N. Y. 175; *Haynes* v. *Aldrich,* 133 id. 287)."

Obviously there is no merit in the landlord's contention that to effect a cancellation of the lease the tenant was required to vacate the premises. The landlord acquiesced in the cancellation in accordance with the covenant; and in any event the claim was waived by the subsequent demand for the July rent and the commencement and prosecution of this proceeding for nonpayment.

The final order should be modified by providing that the amount of rent due the landlord is the sum of $400 and as modified affirmed, without costs.

EDER and SCHREIBER, JJ., concur.

Ordered accordingly.