OPINION OF THE COURT
Seymour Schwartz, J.
In this commercial holdover proceeding, petitioner seeks to remove respondents from the garage premises after expiration *1028 of the lease. Respondent Wedgewood Garage has defaulted and respondent Super lease Realties, Inc., doing business as Budget Rent-a-Car (Superlease), remains in possession having originally entered under the terms of a now expired lease.
Superlease moves to dismiss the proceeding and asserts two procedural defenses: (1) failure to serve a prior 30-day notice pursuant to Real Property Law § 232-a and (2) failure to properly effect service pursuant to RPAPL 735 (1) '(b).
Superlease’s status pursuant to an expired lease is not as a monthly tenant or tenant from month to month and hence no Real Property Law § 232-a 30-day notice is required. (Adams v City of Cohoes, 127 NY 175; 2 Rasch, Landlord & Tenant — Summary Proceedings, § 1018, at 463 [2d ed].)
Superlease contends that because petitioner had written information of the principal office or principal place of business within the State at Pier 61 in the Borough of Manhattan, then pursuant to RPAPL 735 (1) (b) service should have been made there and not at the location of the property sought to be recovered. In support of its contention Superlease placed in evidence two of its letters to petitioner’s agent and the business card of its president. The letters, without address letterhead, show two addresses at the bottom. One is a New Jersey address for Superlease which is a New Jersey corporation, and the other the Pier 61 address in the Borough of Manhattan. The business card shows only the Pier 61 address. Neither the letters nor the card identify Pier 61 as the principal office or principal place of business of Superlease. On its case petitioner placed in evidence a full page Yellow Pages ad of Budget Rent-a-Car (Superlease) showing seven separate Manhattan offices, including Pier 61, without identifying any as a principal office or principal place of business.
That part of RPAPL 735 (1) (b) which directs service at the principal office or principal place of business, if the petitioner has written information, is intended to give notice of the proceeding with more certainty. It is not intended as a hide-and-seek device and the section may not be invoked if the notice of the address of the principal office given is merely a hint or a clue. Identification of the principal office must be clear, forthright and unambiguous, and it does not rise to that level here. In these circumstances service at the property sought to be recovered was proper.
The motion to dismiss is denied.