OPINION OF THE COURT
Per Curiam.
Order entered on or about August 9, 2002 affirmed, without costs.
The Civil Court may, in appropriate circumstances, vacate a warrant of eviction and restore a tenant to possession even after execution of the warrant of eviction (see Matter of Brusco v Braun, 84 NY2d 674, 682 [1994]; 102-116 Eighth Ave. Assoc. v Oyola, 299 AD2d 296 [2002]). Based upon the extensive hearing evidence presented below, and considering, among other factors, the age and disability of the tenant and the (nearly 50-year) duration of the rent-controlled tenancy, the demonstrated lapses and inactivity of both the Department of Social Services and the tenant’s initial court-appointed guardian found to have contributed to the tenant’s eviction, the tenant’s eventual securing of funds from public assistance to make the landlord whole, and the transient nature of the new tenant’s occupancy, “a careful balancing of the equities” (B&A Realty Co. v Castro, NYLJ, May 9, 1995, at 25, cols 1, 2 [App Term, 1st Dept]) warranted the court’s exercise of its discretionary authority in tenant’s favor. Nor was the tenant’s two-month delay in seeking restoration fatal to her cause in the unusual circumstances of this case, and taking into account the tenant’s immediate hospitalization and subsequent convalescence following the eviction process.
McCooe, J.B, Davis and Gangel-Jacob, JJ., concur.