OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and the branches of tenants’ motions seeking to vacate the default final judgment, to dismiss the petition, and to be restored to possession are granted.
Landlords commenced this commercial nonpayment proceeding to recover possession and $2,800 in alleged arrears in taxes, plus late fees of $400. They obtained a default final judgment on June 23, 2008 following conspicuous-place service of the papers at the premises and mailings to the premises’ address. On July 17, 2008, tenants were evicted. By order to show cause *5 filed July 21, 2008, tenants moved to vacate the default final judgment pursuant to CPLR 5015 (a) (1) and (4), to dismiss the petition and to be restored to possession. In support of their motion, tenants argued that landlords knew that tenants had not yet occupied the premises, which was undergoing renovations, yet landlords had served them by conspicuous-place service at the premises and had not mailed a copy of the papers to their business address. Tenants claimed that landlords had written notice of their business address because it was stated in the lease as well as on all of their rent checks. Tenants further argued that, even if service were proper, they had an excuse for the default and a meritorious defense. They asserted that they had no notice of the proceeding until July 17, 2008, when a marshal’s notice was found on the premises’ door. In addition, the lease provided for their payment of the taxes within 10 business days after landlords’ making a written demand for the payment, and no such written demand had been made.
In opposition to tenants’ motion, one of the landlords denied that landlords had written information of an alternate address for tenants and claimed that tenants were always at the premises when he went there. Landlords also noted that the premises had been re-let following tenants’ eviction, and that the new tenant was in possession.
Following a traverse hearing, at which landlords failed to testify to controvert tenants’ testimony that tenants had never conducted business or received mail at the premises and that landlords had written information as to tenants’ business address, the City Court (Robert C. Cerrato, J.) found that service was proper. Thereafter, the City Court (Thomas R. Daly, J.), by order dated October 28, 2008, denied tenants’ motion without prejudice, because the new tenant in possession had not been joined.
Tenants moved for leave to reargue their prior motion, arguing that the court should have vacated the default final judgment and dismissed the petition regardless of whether there was a new tenant in possession. In a separate order to show cause, tenants also joined the new tenant and again sought to be restored to possession. They claimed, among other things, that the new tenant was not an innocent third party, but, rather, its principal was also the principal of a company they alleged was their renovations contractor at the subject premises. Moreover, by letter dated August 6, 2008, their attorney had advised the new tenant of their ongoing dispute with landlords. Tenants *6 noted that, although they had not yet opened for business in the premises, they had already paid landlords $45,000 in rent and a $10,000 security deposit, which landlords were holding. Tenants reiterated their claim that service was defective. They further argued that, even if service were not defective, they had an excusable default and a meritorious defense.
In opposition to tenants’ motion, the new tenant’s principal asserted that he had almost fully negotiated a sublease with a proposed subtenant, which had hired his construction firm to renovate the premises for $115,000; that most of the work had been done; and that the proposed subtenant had paid 70% to 80% of the renovation bill.
By order dated March 17, 2009, the City Court (Thomas R. Daly, J.) granted tenants leave to reargue the prior motion and now denied the prior motion with prejudice. With respect to the issue of service, the court stated that Judge Cerrato had ruled that service was properly effectuated, as tenants had failed to provide landlords with notice of the address they alleged to be their principal place of business. The court reasoned that “identification of the principal office must be clear, forthright and unambiguous” (quoting North 34th Co. v Wedgewood Garage, 138 Misc 2d 1027, 1028 [1988]), and that the listing of tenants’ alternate address on the lease and monthly rent checks did not satisfy this standard.
In our view, service was defective. RPAPL 735 (1) provides that where resort is had to conspicuous-place service, the papers must be mailed to the respondent by regular and certified or registered mail,
“(b) if a corporation, joint-stock or other unincorporated association, as follows: at the property sought to be recovered, and if the principal office or principal place of business of such corporation, joint stock or other unincorporated association is not located on the property sought to be recovered, and if the petitioner shall have written information of the principal office or principal place of business within the state, at the last place as to which petitioner has such information, or if the petitioner shall have no such information but shall have written information of any office or place of business within the state, to any such place as to which the petitioner has such information. Allegations as to such information as may affect the mailing address shall be set forth either in the petition, or in a separate affidavit and *7 filed as part of the proof of service.”
In the instant case, the subject premises was manifestly not the principal place of business of the corporate tenant, which was the named tenant in the lease, and landlords had written information, both from the lease itself and from the corporation’s rent checks, as to a place of business, if not the principal place of business, of the corporate tenant, and they made no effort to mail the process there (see E.O.R. Five of NY v Fountain House, Inc., NYLJ, Sept. 22, 1995, at 26 [App Term, 1st Dept]). In light of the defective service, the branches of tenants’ motions seeking, upon reargument, to vacate the default final judgment and to dismiss the petition should have been granted.
The branch of tenants’ motion seeking restoration should also have been granted. The vacatur of the final judgment reinstates the “rights and duties . . . , inter partes, as if no [judgment] had been made” (Golde Clothes Shops, Inc. v Loew’s Buffalo Theatres, Inc., 236 NY 465, 470 [1923]), and the fact that improvements may have been made at great expense is no defense against a tenant’s legal right to be restored (id.). Moreover, while there is a new tenant in possession, the new tenant was advised by tenants’ counsel of the dispute approximately two weeks after signing its lease, well before it had allegedly invested substantial sums in improvements. Thus, the new tenant assumed the risk in making its improvements. In addition, the new tenant is not a stranger, as its principal is also the principal of a contractor with whom tenants had dealt with respect to the premises. In these circumstances, a balancing of the equities (see Adelphi Assoc., LLC v Gardner, 18 Misc 3d 132[A], 2008 NY Slip Op 50085[U] [App Term, 2d & 11th Jud Dists 2008]; Pomeroy Co. v Thompson, 5 Misc 3d 51 [App Term, 1st Dept 2004]) weighs in favor of tenants, and they should be restored to possession.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.