Emerald 115 Mosholu, LLC, 570944/15 
against
Hazleann Smith, Respondent-Tenant-Respondent, and New York City Housing Authority, Respondent-Respondent, and Sathiyaaruban Ramasamy, Third-Party-Respondent-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, Bronx County (Enedina Pilar Sanchez, J.), entered on or about July 28, 2015, after a hearing, which restored tenant Hazleann Smith to possession of the premises and awarded her a judgment of possession as against third-party respondent, Sathiyaaruban Ramasamy, in a nonpayment summary proceeding.




Per Curiam.
Order (Enedina Pilar Sanchez, J.), entered on or about July 28, 2015, affirmed, with $10 costs.
Tenant Hazleann Smith was evicted from the subject apartment pursuant to a default final judgment entered in this nonpayment proceeding. Following a subsequent traverse hearing, Civil Court issued an order on April 27, 2015, vacating the default judgment and warrant of eviction, dismissing the nonpayment petition for lack of personal jurisdiction, and setting the matter down for a hearing to address the equities between tenant Smith and respondent Sathiyaaruban Ramasamy, the new tenant in occupancy of the subject premises. Significantly, landlord did not appeal from the April 27, 2015 order.
Based upon the testimony presented at the ensuing restoration hearing, and considering Civil Court's findings that tenant Smith was a senior citizen living on a public assistance rent subsidy with long-standing and substantial ties to the first-floor apartment, that prior to [*2]commencing the nonpayment proceeding, "it was undisputed that [landlord] was on notice that [tenant] would be out of the country," and that respondent Ramasamy, who was previously a tenant in another apartment in the building, did not enter into an "arms length agreement" with landlord regarding the subject apartment, a "careful balancing of the equities" supported the court's exercise of its discretionary authority in restoring tenant to possession (see Pomeroy Co. v Thompson, 5 Misc 3d 51 [2004]; see also 2425 Lorillard LLC v Jewels, 36 Misc 3d 144[A], 2012 NY Slip Op 51547[U] [App Term, 1st Dept 2012]). We note that Ramasamy's one-year lease for the subject apartment has since expired and that he takes no position on the outcome of this appeal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2017