Thamer Properties Corp., Petitioner-Landlord-Appellant,
against
Emilia Nava, Respondent-Tenant-Respondent, -and- Aisha Kurtpinar, Third-Party Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, Bronx County (Miriam M. Breier, J.), entered on or about March 13, 2017, after a hearing, which restored tenant to possession of the premises in a nonpayment summary proceeding.




Per Curiam.
Order (Miriam M. Breier, J.), entered on or about March 13, 2017, affirmed, with $10 costs.
We sustain so much of the order issued below as restored the long-term (18-year) rent stabilized tenant to possession of the apartment premises. A fair interpretation of the evidence supports the finding that tenant tendered money orders for the full amount of rent arrears due pursuant to the prior (January 10, 2017) order on January 31, 2017, more than two weeks prior to her eviction from the premises (see Matter of Lafayette Boynton Hsg. Corp. v Pickett, 135 AD3d 518 [2016]; 102—116 Eighth Ave. Assoc. v Oyola, 299 AD2d 296 [2002]; Parkchester Apts. Co. v Scott, 271 AD2d 273 [2000]; see also Harvey 1390 LLC v Bodenheim, 96 AD3d 664 [2012]). However, given that tenant's tender occurred several days after the payment deadline set forth in the prior order, the hearing court's finding that the eviction was "unlawful" cannot be sustained.
The presence of a new tenant in the apartment, who was installed by landlord two days after tenant's eviction, pursuant to a nonstabilized lease, when the evicted tenant's possessions had not yet been removed, does not, in these circumstances, provide a basis to disturb the restoral order (see Pomeroy Co. v Thompson, 5 Misc 3d 51, 52 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 24, 2018