| |
|:---:|
| **New York City Hous. Auth. v Ingram** |
| 2025 NY Slip Op 31556(U) |
| May 1, 2025 |
| Civil Court of the City of New York, Kings County |
| Docket Number: Index No. LT-326154-23/KI |
| Judge: Javier E. Ortiz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Civil Court of the City of New York
County of Kings

Index #  **LT-326154-23/KI**

New York City Housing Authority managed by
Seth Low Houses

                                      Petitioner(s)

**Decision / Order**

            -against-

NAFEESHA INGRAM; SEAN JOHNSON

                               Respondent(s)

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed | 23-28 |
| Answering Affidavits/ Affirmations | 29-30 |
| Reply Affidavits/ Affirmations | |
| Memoranda of Law | |
| Other | |

Upon the foregoing cited papers, the Decision/ Order on the (Post Evict order to show cause) is

(granted) for the following reason(s):

**Facts and Procedural History**

Before the Court is Respondent's second post evict order to show cause. It is worth noting that Respondent was evicted on March 25, 2025, for failing to answer this summary nonpayment proceeding. The Court granted Petitioner a default judgment of possession against both Respondents on June 11, 2024 (NYSCEF 13). Respondent Ingram filed two subsequent orders to show cause requesting a stay of the eviction, both of which the Court denied due to Respondent's failure to appear. Respondent then filed her first post evict order to show cause, which was settled on March 28, 2025 (NYSCEF Doc. 22), whereby Respondent agreed to pay $23,532.89 representing all monies due through March 2025 broken down as follows: 1) $18,131.03 in rent; and 2) $5,401.86 in moving fees and marshal's fees. Respondent agreed to pay this amount on or before April 24, 2025, as a condition precedent to being restored to the subject premises. Respondent defaulted on the stipulation and filed her second *pro se* post evict order to show cause. On the initial return date of Respondent's second motion, the Legal Aid Society, as newly retained counsel, requested an adjournment to submit a supplemental affirmation. The Court granted the application and afforded Petitioner the opportunity to submit opposition.

**Discussion**

The gravamen of Respondent's argument is that the Court should restore Respondent prior to the arrears being paid, in contravention to established precedent of making landlords whole after execution of a warrant of eviction. The Court agrees with Respondent's counsel. As a general matter, a balancing of the equities and review of the particular facts is required when the Court makes a determination on a post evict order to show cause. (*see Adelphi Assoc., LLC v Gardner*, 18 Misc.3d 132[A][App. Term 2d & 11th Jud Dists 2008]; *Pomeroy Co. v. Thompson*, 5 Misc 3d 51, 52 [App Term 1st Dept 2004]). If those facts weigh in favor of tenants,

[* 1]

the Court can order restoration pursuant to RPAPL §749(3). (*Tradito v 815 Yonkers Ave. Series TDS Leasing*, LLC, 30 Misc.3d 3 [App. Term 2nd Dept. 2010]).

Here, those facts exist. Respondent's counsel proffers that "Respondent and her three (3) children, currently 18, 10, and 5 years old, are now homeless, and have been homeless for more than one (1) month." (NYSCEF Doc. 26, Ln. 39). Further,

"as of Monday, April 28, 2025, (i) Respondent has a pending application for emergency arrears assistance with the New York City Human Resources Administration ("HRA") in the amount of $23,532.89, precisely the amount set forth in the Stipulation So-Ordered on March 27, 2025, and in the Interim Order issued by the Court on April 28, 2025, and (ii) Respondent has pending applications for public assistance-meaning cash assistance and a shelter subsidy-as well as Medicaid and SNAP benefits, for herself and her three children." (NYSCEF Doc. 26, Ln. 71).

During oral argument, Respondent further proffered that the HRA application has been approved.

Lastly, and more alarming to the Court, is Petitioner's recent trend of evicting occupants who are not named in the petition; not named on the judgment; and not named on the warrant in direct contravention of RPAPL §§749(1) and (2). During argument, Petitioner represented that it is NYCHA's policy to only name the head of household in any nonpayment proceeding. This woefully fails to answer the question as to why Petitioner has the authority to evict the everyone in the subject premises. On the record, it was determined that Respondent's son was evicted approximately twelve days after turning 18 years of age. Petitioner's argument that their warrant and judgment can apply to Respondent's son given that they received the judgment prior to him becoming of legal age, is unavailing.

The Court is instead compelled by Respondent's policy argument that evictions like these have exacerbated a scenario where "[a]t least 146,000 public school students in New York City, about one in eight, d[o] not have permanent housing. 1 in 8 N.Y.C. Public School Students Was Homeless Last Year, N.Y. Times, November 18, 2024 (last accessed April 29, 2025). This, in short, is not why public subsidized housing exists in the City of New York.

Accordingly, it is

**ORDERED** that Respondent shall have until May 31, 2025, to pay $23,532.89. In addition, Respondent must pay April 2025 rent and May 2025 rent on or before May 31, 2025. Upon payment in full, all judgments and warrants shall be vacated. Upon default, Petitioner can reexecute on their warrant upon reservice of the marshal's notice of eviction; it is further

**ORDERED** that independent of the payment deadlines, Respondent, and her family, shall be restored to the subject premises forthwith; it is further

**ORDERED** that the Court exercises its discretion under RPAPL §749(3) and CPLR §2201 to order restoration prior to payment of the arrears; it is further

**ORDERED** the Petitioner shall restore all personal property to the subject premises from the storage unit on or before May 7, 2025, at Petitioner's own expense.

[* 2]

Date: _____5/1/25_____

_____
Hon. Javier E. Ortiz
Housing Court Judge

Civ-GP-85

[* 3]