80 Varick St. Group, L.P. v Lutz

2026 NY Slip Op 50643(U)

May 7, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Rent Regulation—Holdover Proceeding Predicated on Tenant's Failure to Execute Renewal Lease—Willfulness of Default

80 Varick Street Group, L.P., Petitioner-Landlord-Respondent,

v

Darlene Lutz, Respondent-Tenant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on May 7, 2026

571174/25

Present: James, P.J., Brigantti, Alpert, JJ.

Tenant, as limited by her brief, appeals from those portions of: (1) an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated August 20, 2025, which denied her post-eviction motion to vacate a default judgment of possession and to be restored to possession; (2) an order (same court and Judge) dated August 22, 2025, which denied her request for access to remove her property as moot; and (3) an order (same court and Judge) dated August 29, 2025, which, in effect, denied her renewed motion to be restored to possession in a holdover summary proceeding.

[*1]

Per Curiam.

Order (Daniele Chinea, J.), dated August 29, 2025, reversed, without costs, and tenant's motion to be restored to possession granted on the condition that she sign the renewal lease, pay all arrears or rent and/or use and occupancy, as well as eviction costs and legal fees, within 10 days after service of a copy of this order with notice of entry. Appeal from orders (Daniele Chinea, J.), dated August 20, 2025 and August 22, 2025, dismissed, without costs, as academic.

This holdover proceeding, predicated on tenant's failure to execute a renewal lease, proceeded to judgment within approximately four months, resulting in the termination of a 45-year, rent-stabilized tenancy. The procedural history reflects that landlord commenced the proceeding in April 2025; a default judgment of possession was entered in May; a warrant issued in June; and the eviction was executed in August.

The Civil Court properly addressed the matter within the framework of applicable statutory requirements governing defaults and postjudgment relief. The issue before this Court is not whether the Civil Court acted within its authority, but whether, under the particular circumstances, the equitable balance warrants restoration of the tenancy upon appropriate conditions.

The record supports that tenant's default was not willful. Tenant demonstrated that she was not residing in the apartment during the relevant period due to conditions arising from façade repair work, including dust and noise, which are not disputed by landlord and which she contends exacerbated her claimed medical conditions, including World Trade Center-related respiratory illness and cancer. She further explained that she had temporarily relocated, was overwhelmed by her circumstances, and was not receiving or reviewing mail during that time.

Upon careful balancing of the equities (see Pomeroy Co. v Thompson, 5 Misc 3d 51, 2004 [*2]NY Slip Op 24367 [App Term, 1st Dept 2004]), we conclude that discretionary relief is appropriate here. Factors supporting such relief include tenant's advanced age, alleged health issues, the length and stability of her tenancy, and her demonstrated ability and willingness to cure the default.

The record further reflects that on August 20, 2025, landlord indicated a willingness to permit execution of a renewal lease upon payment of arrears. Although tenant was not then in a position to tender payment, she subsequently returned with proof of a certified check in the amount of $150,000, representing full satisfaction of arrears. Landlord declined to accept the tender.

While the Civil Court's determination reflects a straightforward application of the law to the procedural posture of the case before it, we conclude that, under the totality of the circumstances, equitable considerations favor restoration of the tenancy upon appropriate conditions. Equity favors resolution of disputes on the merits where possible, particularly where a long-term tenant stands ready to cure a default and satisfy all monetary obligations.

Accordingly, in the exercise of discretion and under the specific facts presented, tenant is restored to possession upon compliance with the conditions set forth above. Any dispute concerning the amount due may be resolved in the Civil Court. Landlord remains free to pursue any independent claims in a proper proceeding.

All concur.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court

Decision Date: May 7, 2026