## MILLER v. LOWE.

### (Supreme Court, Appellate Term. January 7, 1904.)

1. LANDLORD AND TENANT—DISPOSSESSION—RENT—NONPAYMENT—NOTICE TO QUIT.

Defendant rented certain premises from plaintiff from month to month, the term beginning the 15th of each month. On August 13, 1903, plaintiff wrote defendant a letter, which was delivered to her on the 14th, stating that from the 15th of August her rent would be raised from $50 to $100 per month. Her rent not being paid, plaintiff, on August 17th, commenced summary dispossession proceedings without serving defendant with the five-days notice to quit, required by Laws 1882, p. 369, c. 303, to be served before the termination of the month, and without serving a three-days notice, as required in case of nonpayment of rent during the month, by Code Civ. Proc. § 2231, subd. 2. *Held* that, in the absence of such notices, a judgment ousting the tenant was unsustainable.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Summary proceedings for the dispossession of a tenant by J. Blackburn Miller against Stella Lowe. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Emanuel M. Friend, for appellant.
Arthur Furber, for respondent.

FREEDMAN, P. J. The testimony in this case establishes the fact that the defendant was a tenant from month to month, the term beginning upon the 15th day of each month. The only claim of right to dispossess the tenant, made by the landlord, is that on August 13, 1903, he wrote a letter to the tenant, which letter was delivered to her upon August 14, 1903, stating that from the 15th of August her rent would be raised from $50 to $100 per month. These proceedings were commenced on August 17, 1903. Being a monthly tenant, in the absence of the service of a notice to quit at least five days prior to the termination of the month for which she paid rent, the tenant had a right to retain possession of the premises for another month (Laws 1882, p. 369, c. 303), and she could only be thereafter dispossessed during that month for nonpayment of rent by the service of a notice demanding payment of rent within three days or the possession of the premises rented. Section 2231, subd. 2, Code Civ. Proc. Neither of such notices were served. These plain provisions of the statute cannot be evaded by omitting to serve the required five days' notice, and upon the last day of the term notifying the tenant that her rent is increased, and compel her to move without further notice. "If the landlord fails to give the notice five days before the end of the month, and the tenant holds over after the first of the next month, he becomes, by operation of law, a tenant for another month on the terms of the former hiring, the conventional relation still existing. * * * The five-days act imposes certain protective duties which must be observed. Their observance secures fair play, and nothing more. Upon the whole it will

be found that the new act is fair and equitable alike to the landlord' and tenant." McAdam on Landlord and Tenant, vol. 3 (3d Ed.) p. 143. The petition of the landlord avers an agreement of hiring at $100 per month, payable in advance, a demand for rent, its nonpayment, and a holding over after August 15th. The testimony of the landlord's only witness that the tenant never agreed to pay $100 per month, which she was told a day before August 15th would be the rental of the premises, which she had occupied under a previous rental of $50 per month, and for which she had paid up to August 15th, is sufficient to show that the allegations of the petition were not established upon the petitioner's own showing. None of the cases cited by the respondent support his contention. They are all cases where the right to the possession of the demised premises has been terminated either by expiration of term, by the contract of letting, by force of some statute, or by preliminary given of the statutory notice of five days. Neither does it appear that the question to be decided here is purely an academic one. There is nothing in the record to show that the tenant has voluntarily surrendered the premises. Statements contained in briefs of counsel form no part of the record.

Final order reversed, with costs. All concur.