## STEWART v. BRIGGS.

(Supreme Court, Appellate Division, Third Department.   November 15, 1911.)

1. LANDLORD AND TENANT (§ 114\*)—HOLDING OVER BY TENANT—CREATION OF NEW TERM.

   A tenant who holds over after the expiration of a term may as a rule be treated as a trespasser or as a tenant from year to year; the landlord's right to so consider him being the penalty imposed by law for the trespass.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 373–381; Dec. Dig. § 114.\*]

2. LANDLORD AND TENANT (§ 114\*)—CREATION OF TENANCY—HOLDING OVER TERM.

   Not every holding over by a tenant after the expiration of his term will entitle the landlord to consider him as a tenant for a new term from

year to year; a holding over because of death or extreme sickness, for example, at the time the lease expires, not creating a new lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 373–381; Dec. Dig. 114.*]

3. LANDLORD AND TENANT (§ 114*)—HOLDING OVER BY TENANT—RIGHTS OF LANDLORD.

If a landlord parts with his title during the term, and the tenant attorns to his grantee, the right to elect to sue the tenant for trespass, or treat the holding over as the beginning of a new term from year to year, is in the grantee, and not in the original landlord, so that where, on the day a lease expired, the land was in the actual possession of a city, which had condemned it in the hands of the original landlord, whose only possession then was through the tenant, by sufferance of the city, the original landlord's possession was not such as to entitle him to bring trespass against the tenant for holding over the term, and hence she could not elect to treat such holding over after the expiration of the term as the beginning of a new term.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 114.*]

4. APPEAL AND ERROR (§ 1153*)—DISPOSITION—RENDITION.

Where all of the facts are found, the Appellate Division may modify the judgment by deducting therefrom a sum which plaintiff was not entitled to recover and render judgment for him for the less sum.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512; Dec. Dig. § 1153.*]

Appeal from Ulster County Court.

Action by Eleanor I. Stewart against Harry A. Briggs. From a judgment for plaintiff, defendant appeals. Affirmed, as modified.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Alfred D. Van Buren, for appellant.

Martin Conboy, for respondent.

HOUGHTON, J. This action is brought to recover one month's rent under the lease considered by this court in Stewart v. Briggs, 138 App. Div. 701, 123 N. Y. Supp. 803, and also to recover six months' rent at the rate specified in the lease, because the defendant held over at the expiration of his term.

It is unnecessary to state the facts, as they are the same appearing on the former appeal, except that it now appears that the contractors in behalf of the city of New York had more completely occupied the farm appurtenant to the dwelling house which the defendant leased from the plaintiff, and dug up the land and built a railroad, practically cutting off the house from the highway. On the former appeal we held that, notwithstanding the title was in the city of New York, to the knowledge of both parties, the defendant could, if he saw fit, bargain with the plaintiff to pay her rent, and that he was bound to keep his agreement as long as the lease existed, unless the city should sooner take actual possession and oust him from the premises, or compel attornment to it. That decision did not go to the extent of holding that the defendant was liable to pay rent at the stipulated price as long as he might occupy, or that holding over by him after the expiration of the lease bound him for an additional term at a like rent, and we do not think such a result followed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] A tenant who holds over after the expiration of a definite term of a year or years may be treated by his landlord as a trespasser or as a tenant from year to year. The right of the landlord to treat the hold-over as a tenant for a new term does not spring from the contract of the parties, but is the penalty imposed by law upon the trespassing tenant. Kennedy v. City of New York, 196 N. Y. 19, 23, 89 N. E. 360, 25 L. R. A. (N. S.) 847; U. M. Realty & Imp. Co. v. Roth, 193 N. Y. 570, 576, 86 N. E. 544.

[2] While the rule giving the landlord the right to treat the tenant who holds over as a tenant for a new term from year to year is very strict, it is not every holding over that creates such term at the option of the landlord. A holding over because of death or extreme sickness at the time the lease expires is not such a holding over as creates a new lease. Herter v. Mullen, 159 N. Y. 28, 53 N. E. 700, 44 L. R. A. 703, 70 Am. St. Rep. 517.

[3] If the landlord has parted with his title during the existence of the lease, and the tenant has attorned to the grantee, the right of election does not exist in the original landlord, but through passing of title and attornment falls to the new owner, and he can either bring an action for trespass or elect to treat him as a tenant for a new term.

In the present case, on the day the lease expired the city of New York owned the land, and was in actual occupation of it, preparing for the storage of water thereon. While, in a sense, the plaintiff was in possession through the defendant as her tenant, because of the sufferance of the city in not actually ousting him or her, she was not in such possession as entitled her to bring an action for trespass against the defendant for remaining on the premises after his lease with her had expired. The right to bring an action for trespass must exist in order to give the privilege of electing to treat the hold-over as a tenant for a new term.

There was no idea on the part of the defendant that by holding over he was assenting to a lease for another year, for he was insisting that he was not even obliged to pay the rent which he had agreed with the plaintiff to pay to her. While this attitude alone would not relieve the defendant, not only the law, but the facts, we think, prevented the plaintiff from electing to treat the defendant as a tenant for another year.

[4] The defendant is liable for the $35 which he agreed to pay the plaintiff for rent for the month of November, but he is not liable for the remaining rent, with which the judgment charges him. All the facts are found, and it is proper for us to modify the judgment, by directing that there be deducted therefrom the sum of $210, with interest, and that judgment be entered against the defendant for the sum of $35, with interest, only. The recovery being under $50, the defendant would be entitled to costs, and a judgment in accordance herewith is directed.

Judgment modified, by reducing the recovery of the plaintiff to $35 and interest, with costs of the trial court to defendant to be taxed, and, as so modified, affirmed, without costs to either party. All concur.