THE CITY OF NEW YORK, Appellant, *v.* THE UNION NEWS COMPANY, Respondent.

New York (city of) — privilege to operate news stand for sale of books and other articles — sale by auction of such privilege by commissioner of docks — rejection of bid by company then operating news stand — whether such rejection was reasonable and the amount of the rental which should be paid by the company holding over after the rejection of its bid are questions of fact for a jury.

The city of New York, through its commissioner of docks, granted to the defendant a permit or license to sell books, newspapers and other articles for the term of one year from May 1, 1912, at a municipal ferry terminal, at an annual rental of $23,000. Before the expiration of the year the commissioner of docks advertised the permit or license to be let for the two years next thereafter. Under the terms of sale, he reserved the right to " Reject any or all bids

if in his judgment he deemed it for the best interests of the city of New York so to do." The defendant was the highest bidder at the sale, having bid $15,500 per annum, and the permit was awarded to it by the auctioneer. Immediately thereafter the defendant complied with the terms of sale but was notified by the commissioner that he intended to reject the bid made by it and was served with a notice which stated, "The bid submitted by you * * * is hereby rejected. * * * Permission is hereby granted you to remain over at the pleasure of the commissioner of docks at the same rate as you have heretofore been paying during the past year. * * * The cash deposited by you at the time of the offer is hereby returned. We will immediately notify the auctioneer to return the money paid by you to him." The defendant gave notice that it declined to remain on the terms stated, but has remained in possession of that part of the dock mentioned in the permit or license, and from time to time tendered the rental due under its bid. This action was brought by the plaintiff to recover rent at the rate of $23,000 per annum, and it is alleged that the defendant is holding over as a tenant for the year beginning May 1, 1913. *Held*, that when the bids were closed the defendant's bid or offer was accepted, subject, however, to the exercise by the commissioner of his personal judgment whether the best interests of the city required that he reject the defendant's bid. The offer and bid were subject to the right of the commissioner to a reasonable time in which to determine whether he deemed it for the best interests of the city to accept or reject the bid. Whether it was reasonable for the commissioner to wait from April twenty-ninth until April thirtieth or May first before determining whether to accept or reject the bid of the defendant and also whether the commissioner personally accepted the defendant's bid, are questions of fact. No contract was ever entered into and the facts disclosed by the record do not show as a matter of law that the defendant is entitled to the permit and license for the two years beginning May 1, 1913, at the bid of $15,500 per annum. The parties have not agreed upon a rental while the defendant is holding as a tenant at will or by sufferance. The defendant is liable to the city for rent at an amount to be determined as the value of the use and occupation of the permit and license.

*City of New York* v. *Union News Co.*, 169 App. Div. 278, affirmed.

(Argued December 19, 1917; decided January 8, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered October 1, 1915, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint
by the court on trial at Special Term.

On April 26, 1912, the city of New York, through its
commissioner of docks, granted to the defendant a permit
or license to sell books, newspapers and other articles
therein described for the term of one year from 12 o'clock
noon on May 1, 1912, at the municipal ferry terminal
of the Staten Island Ferry in the borough of Manhattan,
at an annual rental of $23,000. Before the end of the
year as therein provided negotiations were had relating
to a renewal of the permit or license for the year com-
mencing May 1, 1913, but a new agreement was not
entered into because the parties failed to agree upon the
rental to be paid therefor. The commissioner of docks
advertised the permit or license to be let for two years to
the highest bidder on April 29, 1913. At such sale the
terms thereof were read at length. Among other things
the terms of sale provided that the successful bidder
would be required to, A. Pay the auctioneer's fee of fifty
dollars. B. Enter into a written agreement to comply
with the terms of sale. C. Pay to the department of
docks and ferries at the time of the sale twenty-five per
cent of the amount of the annual rental as security for
carrying into effect the terms of sale. The commissioner
of docks expressly reserved the right to " Reject any or
all bids if in his judgment he deemed it for the best
interests of the city of New York so to do. No person
will be accepted as a successful bidder who is delinquent
on any form of contract with the department of docks and
ferries or with the city of New York. No bid will be
received from any person who is in arrears to the depart-
ment of docks and ferries or to the city of New York
upon debt or contract or who is a defaulter of surety or
otherwise upon any obligations to the department of
docks and ferries or to the city of New York."

The defendant was the highest bidder at such sale, having bid $15,500 per annum, and the permit or license was awarded and knocked down to it by the auctioneer. Immediately thereafter the defendant's representative paid to the auctioneer his fee of $50 and at the office of the cashier of the department paid $3,887.50, and received a receipt therefor in which it is stated, " For privileges at Manhattan terminal, S. I. Ferry for three months due this day in the sum of $3,887.50 payable in advance in accordance with the terms of permit."

On the following day the defendant was notified by the commissioner that he intended to reject the bid made by it, and on May 1st, before the expiration of the term under which the defendant was then occupying a portion of the dock property, it was served with a notice which stated among other things: " The bid submitted by you on April 29, 1913 of $15,500 for stand privileges at the Manhattan terminal of the Staten Island Ferry is hereby rejected. Your present permit expires at 12 o'clock noon today. Permission is hereby granted you to remain over at the pleasure of the Commissioner of Docks at the same rate as you have heretofore been paying during the past year namely at the rate of $23,000 per annum. The cash, $3,887.50, deposited by you at the time of the offer is herewith returned. We will immediately notify the auctioneer to return the money paid by you to him, $50."

The defendant immediately answered in writing in which among other things it stated: "Your favor of May 1st at hand in which you attempt to reject the contract entered into between Union News Company and the City of New York on April 29, 1913, for stand privileges at the Manhattan Terminal of the Staten Island Ferry at the rate of $15,500 per year for a term of two years.

" We beg to inform you that the Union News Company declines to remain over at the pleasure of the Commis-

sioner of Docks at the same rate as we have heretofore been paying during the past year, namely, at the rate of $23,000 per annum. * * * We herewith tender back to you the sum of $3,887.50 left this morning at our office which we decline to accept, the same having been heretofore paid to you as stated in this letter, receipt for which, as outlined above, is now in our possession.''

The defendant has remained in possession of that part of the dock mentioned in the permit or license, and on the first of August and again on the first of November, 1913, tendered to the commissioner of docks $3,887.50, being the amount admitted by it to be due to the city for the permit or license for three months in advance. After November 1, 1913, this action was brought by the plaintiff to recover nine months' rent at the rate of $23,000 per annum, and it is alleged that the defendant is holding over as a tenant for the year beginning May 1, 1913. Further facts appear in the opinion. The Trial Term dismissed the plaintiff's complaint and the judgment entered thereon has been affirmed by the Appellate Division.

*Lamar Hardy, Corporation Counsel (E. Crosby Kindleberger, Terence Farley* and *Josiah A. Stover* of counsel), for appellant. The commissioner of docks had a right to reject any and all bids within a reasonable time after the sale, and his rejection being timely, the defendant had no binding agreement with the city, by which the city was obliged to accept the smaller rental for the news stand privileges. (*Williams* v. *City of New York,* 118 App. Div. 756; 192 N. Y. 541; *Molloy* v. *City of New Rochelle,* 198 N. Y. 402; *People ex rel. Rodgers* v. *Coler,* 35 App. Div. 401; *Phillips* v. *City,* 124 App. Div. 307; *Nat. Nassau Bank* v. *Prendergast,* 164 App. Div. 933; *McManus* v. *Fortescue,* L. R. [2 K. B. 1907] 1; *Woodward* v. *City of Boston,* 115 Mass. 81; *Osgood* v. *City of Boston,* 165 Mass. 285.) The defendant having made no agree-

ment other than that of April 26, 1912, and remaining in possession of the stand, was liable for the rent prescribed by that agreement. (*Schuyler* v. *Smith*, 51 N. Y. 309; *Chase* v. *Second Avenue R. R. Co.*, 97 N. Y. 384; *Adams* v. *City of Cohoes*, 127 N. Y. 175; *Loughran* v. *Smith*, 75 N. Y. 205; *Ackley* v. *Westervelt*, 86 N. Y. 448; *Kennedy* v. *City of New York*, 196 N. Y. 19; *U. M. Realty & Improvement Co.* v. *Roth*, 193 N. Y. 570.)

*Frank M. Patterson* and *John B. Loughborough* for respondent. The acceptance of the defendant's bid at the public auction sale created a contract, binding upon the parties; and no right to reject the bid survived to the plaintiff. (*Batchelor* v. *Hinkle*, 210 N. Y. 243; *Ruyter* v. *Reid*, 25 N. E. Rep. 377; *Anderson* v. *R. R. Co.*, 107 Minn. 296; *Crandall* v. *State*, 28 Ohio St. 479; 3 Am. & Eng. Ency. of Law, 501; *Payne* v. *Cave*, 3 Term Rep. 148; *Sherwood* v. *Reid*, 7 Hill, 431; *U. S.* v. *Vestal*, 12 Fed. Rep. 59; *Blossom* v. *R. R. Co.*, 3 Wall. [U. S.] 196; *Tillman* v. *Dunman*, 114 Ga. 406; *Curtis* v. *Aspinwall*, 114 Mass. 187; *Veazie* v. *Williams*, 8 How. [U. S.] 134; *McMillan* v. *Harris*, 110 Ga. 72, 82.) The provisions of the terms of sale did not postpone the plaintiff's right to reject the bid to a time subsequent to the knocking down of the privileges. (*Kerr* v. *City of Philadelphia*, 8 Phil. 292; *Towle* v. *Remsen*, 70 N. Y. 303; *Wright* v. *Mayer*, 47 App. Div. 604; *Moore* v. *Moore*, 47 Barb. 257; *Ludlow* v. *N. Y. & H. R. R. Co.*, 12 Barb. 440; 2 Washb. on Real Prop. [6th ed.] 7.) The plaintiff failed to show that the defendant was holding over, under the previous agreement, after the expiration of the term thereof. (*Brown* v. *City of New York*, 78 App. Div. 361; 176 N. Y. 571; *Rosenburg* v. *Lustgarten*, 41 N. Y. S. R. 623; *Ernst* v. *Holzner*, 130 N. Y. Supp 442; *Charter Const. Co.* v. *Hollister*, 3 C. C. Dec. 22; *Harris* v. *Hiscock*, 91 N. Y. 340; *Frost* v. *Akron Iron Co.*, 1 App. Div. 449.)

CHASE, J. Section 825 of the Greater New York charter authorizes the commissioner of docks of the city of New York in the name of and for the benefit of the corporation, to lease any or all of the wharf property of the city. In offering the newspaper and other privileges at auction the commissioner followed so far as applicable the provisions of sections 419 and 420 of the charter relating to letting contracts for work and supplies.

The commissioner was not personally present at the sale. The terms of sale were personally signed by him and the auctioneer publicly read them to those present and the sale proceeded thereunder.

It was not until after the bids at the auction were formally closed that it appeared who the highest bidder was, and whom he represented in making the bid. The auctioneer could not, without special and wholly impractical delays from time to time, have determined whether the bids made were by or on behalf of a " delinquent on any former contract with the department of docks and ferries or with the city of New York " or by or on behalf of one in arrears upon debt or contract or a defaulter of surety or otherwise upon any obligation with said department or said city. The terms of sale contemplated a written contract to be entered into between the city of New York, acting through the commissioner of docks, and the highest bidder for the permit and license. No such contract was ever entered into and the facts disclosed by the record do not show as a matter of law that the defendant is entitled to the permit and license for the two years beginning May 1, 1913, at the bid of $15,500 per annum. Under the terms of sale when the auctioneer's " hammer fell " and the bids were declared closed the offer and bid were subject to the right of the commissioner to a reasonable time in which to determine whether he deemed it for the best interests of the city to accept or reject the bid. (*Williams* v. *City of New Rochelle,* 118

App. Div. 756–762; affd., 192 N. Y. 541; *Molloy* v. *City of New Rochelle*, 198 N. Y. 402; *Erving* v. *Mayor, etc., of N. Y.*, 131 N. Y. 133.) The compliance by the news company with the conditions on its part to be performed in connection with its bid, did not as a matter of law affect the reserved authority of the commissioner.

The fall of the auctioneer's hammer did not do away with the condition reserved in the terms of sale. His authority was measured by the terms of sale signed by the commissioner. The commissioner of docks had authority to impose reasonable conditions upon the sale. (Dillon on Municipal Corporations [5th ed.], § 995.)

When the bids were closed the defendant's bid or offer was accepted, subject, however, to the exercise by the commissioner of his personal judgment whether the best interests of the city required that he reject the defendant's bid. So far as *Brown* v. *City of New York* (57 Misc. Rep. 433) holds to the contrary it is disapproved.

It is claimed by the defendant that the commissioner personally accepted its bid and that when it paid into the department of docks and ferries the twenty-five per cent of its bid the receipt for *three months' rent* was given to it with the commissioner's approval and pursuant to his direction.

Whether it was reasonable for the commissioner to wait until April 30 or May 1 before determining whether to accept or reject the bid of the defendant and also whether the commissioner personally accepted the defendant's bid, are questions of fact.

This action is brought for rent at $23,000 per annum, and the plaintiff insists that the defendant owes rent as upon a contract for one year from May 1, 1913, upon the same terms and conditions as the contract for the previous year because of its remaining in possession of the permit and license after the end of the first year period without a new or independent agreement relating

thereto. Even if the doctrine of holding over applied in cases of landlord and tenant is applicable in any event to the facts and circumstances of this case such claim is not in accord with the letter written by the commissioner to the defendant on May 1. The commissioner as the representative of the city did not therein state that he would treat the defendant as having renewed the permit and license for one year. In the letter the commisioner said: " *Permission is hereby granted you to remain over at the pleasure of the commissioner of docks.*" A permit or license to continue during the pleasure of a department is a permit or license at will. (*Brown* v. *City of New York*, 78 App. Div. 361; affd., 176 N. Y. 571.)

It was found by the trial court " That the plaintiff has not elected to treat the defendant as a tenant for a definite term of one year from May 1, 1913," and also, " That the plaintiff and the defendant have abandoned the previous agreement by which the defendant occupied the premises and privileges for one year beginning May 1, 1912, at the annual rental of $23,000." And also, " That the defendant after May 1, 1913, was not holding over after the expiration of its tenancy under the terms of such prior agreement."

The parties have not agreed upon a rental while the defendant is holding as a tenant at will or by sufferance. The defendant is liable to the city for rent at an amount to be determined as the value of the use and occupation of the permit and license.

The plaintiff cannot recover upon the complaint in this action and the trial court was right in directing judgment for the defendant.

The judgment should be affirmed, with costs.

COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur; ANDREWS, J., concurs in result.

Judgment affirmed.