MINNIE FISHER, Landlord, *v.* JOHN RABINOWITZ, Tenant, and Other Cases, Same Landlord, against Various Tenants.

Rippe & Michael, for landlord.

S. A. Fried, for tenants.

CONCHETTI ALBERTI, Landlord, *v.* JOHN FERRADO, Tenant, and Other Cases, Same Landlord, against Various Tenants.

(Municipal Court of the City of New York, Borough of Manhattan, Sixth District, May, 1920.)

Summary proceedings — monthly tenant — statutes — Code Civ. Pro. § 2231, subd. 2-a, added by Laws of 1920, chap. 139 — Laws of 1920, chap. 209.

While subdivision 2-a of section 2231 of the Code of Civil Procedure, added by chapter 139 of the Laws of 1920, provides that the petitioner must allege as well as prove " that the rent of the premises * * * is no greater than the amount paid by the tenant for the month preceding the default * * * or has not been increased more than " etc., the word " or " will not be changed to " and," such alteration not being essential to carry out the purpose of the statute, and a petition alleging one of the alternatives is sufficient.

Whether the increase in rent large or small is unjust and unreasonable and the agreement to pay an increased rental oppressive, is a question of fact, the burden of proof shifting according to the amount of increase.

The only way the tenancy of a monthly tenant can be terminated and the landlord regain possession of the premises in the absence of an agreement to pay more rent, is a default in the payment for the month he holds over of the same amount of rent paid the preceding month, or a compliance with chapter 209 of the Laws of 1920, and simply notifying the tenant that the rent has been increased, and asking him to move if he does not want to pay the rent, or that summary proceedings will be commenced if the increased rent is not paid, is not a compliance with the statute, and the proceedings will be dismissed.

SUMMARY proceedings.

J. A. Boccia, for landlord.

Mr. Albert, for tenants.

MARKS, J.   The facts in these cases are substantially the same as in hundreds of others presented in this court during this term, where landlords, more than thirty days prior to May first, notified their tenants that their rents after May first would be increased, in some cases more and in some less than twenty-five per cent of the amounts paid during the preceding year or preceding month.   The tenants are monthly tenants and have been such for many months prior to May, their terms commencing on the first of the month.

In the *Fisher* case, the tenant, prior to May first, paid twenty-three dollars a month, and more than thirty days prior to May first the landlord notified him in writing that on May first his rent would be increased to twenty-eight dollars, and in the *Alberti* case the landlord in writing notified the tenant that his rent would be increased from sixteen dollars to twenty dollars a month, and if the tenant did not pay the increased rent, he would be dispossessed.   The tenants never agreed to pay the increased rental and failed to comply with the demand for payment of the increased rent made before the proceeding was instituted.   The claim is made in behalf of the landlords that by remaining in possession after notice that their rent from May first would be increased and a demand therefor, they may be dispossessed as for a holding over for nonpayment of the increased rent.

In the petitions it is alleged " that the rent of the demised premises has not been increased more than twenty-five per cent over the rent as it existed one year prior to the time of the presentation of the peti-

tion " following the language of chapter 139 of the Laws of 1920.

The tenant claims that the proceeding should be dismissed for the reason that the act also provides that the petition should also state in words or substance, that the rent is no greater than the amount paid by the tenant for the month preceding the alleged default for which the proceeding is brought, and as this allegation is not set out, the proceeding cannot be maintained.

While chapter 139 provides that the petitioner must allege as well as prove " that the rent of the premises * * * is no greater than the amount paid by the tenant for the month preceding the default * * * *or* has not been increased more than twenty-five per centum over the rent as it existed one year prior to the time of the presentation of the petition " the conjunction " or " in this place in the act, is, in my opinion, used in its proper and ordinary sense and marks an alternative, and does not require both facts or conclusions to be stated.

It is in the disjunctive and plain, and there is nothing ambiguous or doubtful about what is meant or intended, nor is there any mistake so as to justify changing " or " to " and." The purpose and sense of the act as disclosed by a reading of it in its entirety is not rendered doubtful by reading " or " or made clearer by substituting " and " for " or."

It, the " or," refers to either one of two required allegations that must be alleged in the petition and proved, that the rent in default was not increased or is not greater than the amount paid the month before, or the alternative, has not been increased more than twenty-five per cent of what it was a year before, and this construction of " or " or its literal meaning as " or " and not " and " is not inconsistent with the intent of the act.

The legislature determined, it seems to me, in plain language by chapter 139 that one of two things must exist to maintain the proceeding. The purpose of that chapter recognizes the existence of and does not repeal section 2231 of the Code, providing for the various grounds on which summary proceedings may be brought, and only amends that section of the Code by adding a new subdivision, requiring one of two additional facts to be stated and proved, where the property is in a city of the first class or adjoining, in addition to the other requirements of section 2231, and in my opinion, the language of that chapter should not be altered by substituting " and " for " or " when such a change is not essential to carry out the obvious purpose of the act, section 2231, as amended by chapter 139 of the Laws of 1920.

The various subdivisions of section 2231 contain many grounds in the alternative under or for which summary proceedings to remove a tenant may be maintained, and it cannot be successfully urged that in a proceeding under one of those many subdivisions, containing alternatives, all the grounds separated by the conjunction or, must exist to entitle the proceeding to be brought. For instance, take subdivision 2, providing that in case of a default in the payment of rent, a tenant may be removed where he holds over without permission after such default, and a demand has been made for the rent, or at least three days' notice in writing requiring the payment of the rent or the possession of the premises has been served. Here we have an alternative no weaker or stronger than in chapter 139 and yet both steps are not required. Either one is sufficient, and so throughout the other subdivisions.

It might very well be urged that the allegation and proof required under chapter 139 with reference to the

fact that the rent is no greater than the month preceding the default for which the proceeding is brought, had reference and was intended by the legislature to apply to monthly tenancies by express agreement entered into after April 1, 1920, or created by operation of law by holding over, after April 1, 1920, and the other provision that it has not been increased more than twenty-five per cent over the year previous, relates to yearly tenants created by agreement after April first, or tenancies for a year also created by operation of law by holding over after April first. The act refers to the recovery of real property held under a lease or tenancy for a year as well as for less than a year.

Such a construction, whether the rent demanded in the petition is an increase of not more than twenty-five per cent over the rent of the year preceding the time of the presentation of the petition, and that allegation is made, or it is stated in the alternative, as the act provides, that it is no greater than the amount paid by the tenant for the month preceding does not deprive the tenant of any right or privilege or defense given him by chapter 136 of the Laws of 1920. He may interpose the defense in either case where the tenancy was created after April 1, 1920, or renewed or continued by operation of law after that date, that the rent reserved is unjust, unreasonable, and the agreement oppressive, and this he may do irrespective of the fact as to whether it should appear that the rent has been increased one per cent or twenty-five per cent.

It becomes a question of fact whether the increase, large or small, is unjust and unreasonable, and the agreement oppressive, the burden of proof shifting according to the amount of the increase.

Therefore, I conclude that the proceeding in the

form  of  the  petition  in  this  respect  was  properly brought,  and  the  motion  to  dismiss  upon  that  ground is  denied.

The  petition  alleges  in  the  stereotyped  form  generally  used  in  this  court,  that  the  petitioner  and  tenant entered  into  an  agreement  by  the  terms  of  which  the tenant  hired  the  premises,  '' and  that  the  said  tenant in  and  by  said  agreement  undertook  and  promised  to pay  to  the  said  landlord  the  sum  of  twenty-eight  dollars per  month,  payable  monthly  in  advance  on  the  1st day  of  each  month  for  the  use  and  occupation  of  said premises.    That  said  tenant  entered  into  the  possession  of  said  premises  and  still  occupies  the  same.'' Then  follows  the  allegation  above  referred  to  that  the rent  has  not  been  increased  more  than  twenty-five  per cent.    Further,  the  petition  states,  that  on  the  1st  day of  May,  1920,  there  was  due  to  the  said  landlord  under and  by  virtue  of  the  terms  of  said  agreement  the  sum of  twenty-eight  dollars  for  one  month's  rent  from  May first  to  June  first,  which  has  been  personally  demanded from  the  tenant  since  it  became  due  and  has  not  been paid,  and  that  the  tenant  holds  over  and  continues  in possession  of  the  premises  without  the  permission  of the  landlord  after  such  default.

The  petition  in  the  *Alberti*  case  is  in  the  same  form except  as  to  amount  and  premises.

In  the  first  place,  subdivision  2  of  section  2231  provides  that  a  tenant  may  be  removed  where  he  holds over  without  permission  of  the  landlord  after  a  default in  the  payment  of  rent,  pursuant  to  the  agreement under  which  the  demised  premises  are  held  and  a demand  of  the  rent  has  been  made.    The  demand  for the  rent  in  this  case  is  not  the  amount  pursuant  to  any agreement  under  which  the  tenant  holds  the  premises. In  view  of  the  fact  that  by  operation  of  law  a  tenant remaining  in  possession  of  premises  becomes  from

month to month, a monthly tenant for each month, that he holds over, subsequent to the original hiring, upon the same terms, and that the tenant never agreed to the increased rental so as to make a new hiring under different terms, his possession must be deemed that of a hold over under the original terms, the conventional relations still existing, and not having received the thirty days' notice in the form required by chapter 209 of the Laws of 1920, he is not holding over after the expiration of his term.

A monthly tenant has the right to rely upon the law fixing his rights and liabilities for remaining in possession after his month expires, and the only way his tenancy can be terminated and the landlord regain possession in the absence of an agreement to pay more rent, is a default in the payment for the month he holds over, of the same amount of rent paid in the month preceding his holding over or a compliance with chapter 209 of the Laws of 1920.

Notifying the tenant that the rent has been increased, and asking him to move if he does not desire to pay the rent, or that summary proceedings will be commenced if the increased rent is not paid, is not a compliance with the statute.

Chapter 209, providing, in substance, that no monthly tenant in the city of New York shall be removed for holding over his term unless thirty days before the expiration thereof the landlord serves upon the tenant a notice in writing that the landlord elects to terminate the tenancy and that unless the tenant removes from the premises on the day his term expires, the landlord will commence summary proceedings under the statute to remove him, imposes certain protective duties and restrictions which must be observed by the landlord. Extended as the time has been from five days to twenty and by the latest law to thirty days,

it shows an intent .to secure to the tenant at least a breathing spell after the shock of the notice to vacate and gives him time to secure other apartments. The fact that thirty days' notice of an increase is given cannot change the principle. The act cannot be circumvented by any such notice of increase but must be strictly followed.

. This proceeding does not come within section 2231 of the Code and the special act (Laws of 1920, chap. 209), applicable to the city of New York, as it is not one where the tenants right to the continued possession of the premises has been terminated either by the expiration of his term, by the contract of letting or by force of any statute, or by the giving of the statutory thirty days' notice.

The facts are contrary to the petition.

There was no agreement of hiring at twenty-eight dollars a month in the *Fisher* case or twenty in the *Alberti* case. On the contrary, the evidence shows that the tenants did not originally hire the premises on or from May first, never agreed to pay the sums now claimed as rent for the premises that they had occupied for .months before at rentals of twenty-three dollars and sixteen dollars, respectively, and that by operation of law, they were tenants holding over at their former rentals. *Miller* v. *Lowe,* 86 N. Y. Supp. 16.

Judgment for the tenants, and proceedings dismissed.

Judgment accordingly.