LOMBA v. GENERAL MOTORS CORP.

1. PRINCIPAL AND AGENT—BREACH OF CONTRACT LIMITING SCOPE OF AGENCY.
    If manufacturer's distributor and retailer breach provision of contract limiting scope of agency, the penalty for such action cannot be visited upon an innocent third party.

2. SAME — MANUFACTURER — DISTRIBUTOR — UNAUTHORIZED ACTS —RATIFICATION.
    Automobile corporation sales manager's attempt to collect from plaintiff a sum claimed by retailer of its products to be due from plaintiff, notification of sale of car to plaintiff and receipt of purchase money constituted ratification of retailer's and distributor's unauthorized action in demanding payment of stated sum where attempted collection had nothing to do with sale by defendant to plaintiff.

3. SAME—RATIFICATION.
    The principal's ratification of an act by his agent, previously unauthorized, relates back and supplies original authority to do the act, whether the act be detrimental or beneficial to the principal and whether it sound in contract or tort.

4. SAME—RATIFICATION—ACCEPTANCE OF BENEFITS.
    When a person adopts the unauthorized acts of another in his behalf, and has received the benefits accruing therefrom, he adopts and ratifies the instrumentalities by which the fruits were obtained.

That receipt of proceeds of acts of unauthorized agent constitutes ratification and makes principal as liable as if acts were originally authorized, see 1 Restatement, Agency, §§ 98, 100.

5. Trover and Conversion—Ratification of Agent's Unauthorized Act—Summary Judgment.

> Defendant manufacturer was not relieved from responding to action for conversion of car brought by purchaser thereof, where defendant had received purchase price but refused delivery to plaintiff solely on the ground of his refusal to pay defendant a sum claimed to be due retailer who had sold car to plaintiff, by return of purchase price to distributor and disclaimer of agency of retailer and distributor, since the attempt at collection of the additional sum constituted a ratification of the unauthorized act of the retailer in demanding such sum, hence motion for summary judgment was properly denied.

Chandler, C. J., and North and Sharpe, JJ., dissenting.

Appeal from Wayne; Murphy (George B.), J. Submitted October 15, 1942. (Docket No. 1, Calendar No. 42,003.) Decided December 23, 1942. Rehearing denied April 6, 1943.

Case by Wendell Nickerson Lomba against General Motors Corporation, a Delaware corporation, for conversion of an automobile. Defendant's motion for summary judgment denied. Defendant appeals. Affirmed.

*Baetcke & Zechlin* (*Abraham Satovsky,* of counsel), for plaintiff.

*Henry M. Hogan* (*Jacob A. Tolonen,* of counsel), for defendant.

Chandler, C. J. (*dissenting*). Plaintiff's amended declaration filed in this cause alleged that defendants are engaged in the business of manufacturing, assembling and selling automobiles; that certain individuals or firms, known as Bianco's

Garage and Don Lee, Inc., in San Rafael, California, are dealers, subdealers, agents or subagents of defendants and that the said Bianco's Garage sells defendants' automobiles as agent of Don Lee, Inc.; that on or about November 21, 1939, plaintiff purchased a La Salle automobile from Don Lee, Inc. through Bianco's Garage, for the sum of $1,455, plus certain registration fees; that thereafter Don Lee, Inc., through Bianco's Garage, filed a dealer's report of sale and application for registration of the vehicle with the State of California; that thereafter the State of California issued to plaintiff a certificate of ownership of said vehicle and license plates therefor; and that he acquired legal title to said car.

The declaration further alleges that the automobile was to be delivered to plaintiff in Detroit; that plaintiff delivered the license plates issued to him to defendants who affixed the same to the car in question; that subsequently, on or about January 3, 1940, plaintiff made demand upon defendants for possession of the car, which was refused on the ground that he was indebted to Bianco's Garage in the sum of $106.40.

The declaration asks damages from defendants in the sum of $2,500 for conversion of the vehicle.

Defendant, General Motors Corporation, filed a sworn answer alleging that defendant, Cadillac Motor Car Division, was not a legal entity capable of being sued but was merely an operating division of General Motors Corporation; it denied that Don Lee, Inc., or Bianco's Garage were its agents and averred that neither had authority to bind defendant by an agreement with plaintiff. The answer further set forth that General Motors Sales Corporation, a Delaware corporation, was the owner of the vehicle at the time in question and alleged, upon in-

formation and belief, that said sales corporation refused to deliver the car to plaintiff on instructions from Don Lee, Inc., because plaintiff failed to pay the sum of $106.40. It admits, on information and belief, that demand for possession was made on General Motors Sales Corporation and denies that plaintiff ever had title to the car.

The answer also raised the affirmative defense of the statute of frauds. See 2 Comp. Laws 1929, § 9443 (Stat. Ann. § 19.244).

Attached to the answer and in support thereof was the affidavit of James J. O'Boyle, zone distribution manager for General Motors Sales Corporation.

Plaintiff filed a reply to defendant's sworn answer which was supported by the affidavit of his counsel. The reply was a general denial of certain portions of the answer but it did not deny, among others, the allegations that neither Don Lee, Inc., nor Bianco's Garage were agents of defendant with authority to bind defendant by agreement; it failed to deny the allegation contained in the answer that plaintiff never owned or acquired title to the automobile.

Thereafter defendant filed motion for summary judgment on the pleadings, supported by the affidavit of one Joseph C. Davidson, wherein he stated, among other things:

"That the said defendant, General Motors Corporation, a Delaware corporation, has no dealers, subdealers, distributors or subdistributors in San Rafael, California; that the Bianco's Garage and Don Lee, Inc., mentioned in the amended declaration filed by plaintiff in said cause is not, and has never been an agent, a distributor, subdistributor, dealer, or subdealer of or for the defendant, General Motors Corporation, a Delaware corporation."

Plaintiff filed no affidavit of merits in opposition to defendant's motion as he had a right to do in

accordance with the provisions of Court Rule No. 30, § 7 (1933).

The motion was denied by the trial court as well as a subsequent motion to vacate the order denying the same and for entry of judgment for defendant.

The province of the court when presented with a motion for summary judgment is to determine if a material question of fact is presented by the pleadings and affidavits. If so, a judgment should not be entered. *McDonald* v. *Staples,* 271 Mich. 590. On review of summary judgment entered for plaintiff, the problem has been stated in the following manner:

"The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand. *Appelbaum* v. *Gross,* 171 Misc. 140 (191 N. Y. Supp. 710); *Jones* v. *Stone,* 70 L. T. R. (N. S.) 174. This is not to be determined alone from the affidavits on motion for judgment, but from all the pleadings and files in the cause." *Baxter* v. *Szucs,* 248 Mich. 672.

A review of the record in the instant case establishes that on trial plaintiff could not recover unless he established that either Don Lee, Inc., or Bianco's Garage were agents of defendant. Although agency was alleged in the amended declaration, it was denied under oath by defendant in the answer and affidavit in support thereof and in the affidavit in support of the motion. Under the pleadings as they existed, to raise an issue of fact on this point and meet the sworn denials of defendant, it was incumbent upon plaintiff to file an affidavit of merits or some sworn pleading alleging the necessary fact of agency. This he did not do and his amended declaration, not being under oath, cannot be considered. *Andrews* v. *Pfent,* 280 Mich. 324. No issue

of fact having been raised by the pleadings on this point, which plaintiff had to establish before he could recover, it follows that summary judgment should have been entered in accordance with defendant's motion.

The judgment should be reversed and the cause remanded for entry of judgment, with costs, for defendant.

NORTH and SHARPE, JJ., concurred with CHANDLER, C. J.

WIEST, J. Under the record defendant was not entitled to a summary judgment. The amended declaration alleged:

"That a certain individual or firm known as Don Lee, Inc., is a dealer or subdealer, agent or subagent, and distributor or subdistributor of the defendants located in San Rafael, California.

"That said Bianco's Garage is a dealer, agent and distributor of said Don Lee, Inc., and that the said last named individuals or firms are engaged in the sale and purchase of certain automobiles between each other, and that said Don Lee, Inc., purchases said automobiles, made by the defendants herein, in behalf of said Bianco's Garage, and that said Bianco's Garage does sell automobiles, made and manufactured by the defendants herein as agent and representative of said Don Lee, Inc., to the general public.

"That on or about the 21st day of November, 1939, your plaintiff purchased a certain LaSalle four door touring sedan  *  *  *  from said Don Lee, Inc., through its agent or representative, said Bianco's Garage, for the sum of $1,455, plus registration fee of $3 and vehicle license fee $4.08, and that subsequent thereto said Don Lee, Inc., through said Bianco's Garage, did file a dealer's report of sale and application for registration of said automobile with the State of California together with the affi-

davit of location of said vehicle, and that soon thereafter on a certain day the State of California issued to your plaintiff a certificate of ownership, together with a registration card evidencing that your plaintiff became the owner of the above described property and was thereby recognized by the State of California as the owner of said automobile, and likewise license plates were issued to your plaintiff by the State of California  *   *   *   and that the defendants herein were duly informed of the plaintiff's ownership of said automobile.

"That the delivery of the above described property was to be made to your plaintiff in the city of Detroit, Michigan, by the said defendants upon demand.

"That subsequent to the purchase of above described property, your plaintiff delivered to the defendants herein the above described license plates and same was affixed by the defendants upon the said described automobile, and likewise subsequent to purchase of the above described property, said Bianco's Garage and its agents notified the defendants herein that your plaintiff was the legal titleholder to the above described property and on or about the 3d day of January, 1940, your plaintiff made a demand upon the defendants and their agents for said car; that said demand was refused."

In defendants' answer the reason for refusal of delivery was on the ground that defendant was a manufacturing corporation and had no dealers, subdealers, distributors or subdistributors in San Rafael, California, and that Bianco's Garage "is not and never has been an agent for the defendant, nor a distributor, subdistributor, dealer, or subdealer, of the defendant; and that the defendant has never had contractual relations with said Bianco's Garage," but defendants admitted that Bianco's Garage sold products manufactured by defendant. Defendants also denied that Bianco's Garage was agent for said Don Lee, Inc. Defendants, in their

answer, also admitted a demand for the car by plaintiff and their refusal to deliver the same on the sole ground stated in the following letter:

"December 16, 1939.

"*Via* Air Mail.
Mr. J. J. O'Boyle,
Cadillac Motor Car Division,
2860 Clark Avenue,
Detroit, Michigan.
"*Dear Joe:*

"We are enclosing a check for payment on No. 5481. This is the car I wrote to you about on December 12, advising you that the dealer and purchaser were in a slight legal argument.

"We are going to ask that you hold this car, but do not release same to anyone unless authorized by me. We know that the factory needs all the space available, but in this case we again ask you to bear with us.

"With kindest personal regards, I remain,

"Yours very truly,
"Don Lee, Inc.
"(Signed) A. H. Hillman,
"Specification Department."

The reason for the refusal of delivery to plaintiff was because Bianco's Garage insisted it first receive from plaintiff $106.40. What that sum was for we are not informed but it was adopted as the ground upon which delivery was refused.

The effect of this letter was disclosed in the affidavit in support of defendants' motion for summary judgment, made by James J. O'Boyle, distribution manager of the General Motors Sales Corporation, and who had charge of the account of Don Lee, Inc. We quote the following:

"That on January 3, 1940, the said Don Lee, Inc., instructed deponent as such zone distribution manager by teletype as follows:

" 'Re Lamba, Bianco at San Rafael wishes you to collect for him $106.40. If Lamba pays this it is OK to release car. If he refuses payment car is not to be released. If this not satisfactory to Lamba hv him contzact Bianco direct & leave both ourselves & yourselves out of the transaction as we hv nothing to do with it.' "

He also deposed:

"That thereafter, and on or about the 3rd day of January, 1940, the said plaintiff Wendell Nickerson Lomba called at the place of business of deponent and demanded possession of the said automobile; that deponent thereupon informed the said Wendell Nickerson Lomba, and a companion who was with him, that deponent's instructions were to collect the said sum of $106.40 before delivery of the said automobile could be made; that the said Wendell Nickerson Lomba, the above named plaintiff, refused to pay the said sum of $106.40, and that deponent refused to deliver said automobile to him in accordance with the instructions of Don Lee, Inc.

"That sometime prior to the said January 3, 1940, and while deponent was awaiting instructions from the said Don Lee, Inc., the said plaintiff, Wendell Nickerson Lomba delivered to deponent certain automobile license plates which an employee of General Motors Sales Corporation attached to the said automobile at the request of the said plaintiff; that on said January 3, 1940, and at the time said license plates were attached to the said automobile, it, the said automobile was the property, and belonged to the said General Motors Sales Corporation, * * * that the said General Motors Sales Corporation never transferred title to said automobile or delivered possession of same to the said plaintiff Wendell Nickerson Lomba; that the moneys paid by Don Lee, Inc., upon the purchase price of said automobile to the General Motors Sales Corporation was returned to the said Don Lee, Inc., after the plaintiff Wendell Nickerson Lomba refused to pay

the said sum of $106.40 in accordance with the demand of said Don Lee, Inc.; that the title to said automobile was never transferred to said Don Lee, Inc., and said Bianco Garage, or either of them, by the said General Motors Sales Corporation, and that they, or either of them never had possession of said LaSalle automobile.''

He also deposed:

''That the said Don Lee, Inc., is a distributor of Cadillac motor cars, and formerly a distributor of LaSalle motor cars, in the State of California; that the said Don Lee, Inc., was, and is, such distributor in accordance with and by virtue of certain written contract entered into by and between the said General Motors Sales Corporation and Don Lee, Inc., which said written contract is in the possession of deponent, as zone distribution manager, aforesaid.

''That said written contract contains the following provision:

'' '1.   It is agreed that this agreement does not constitute distributor, the agent or legal representative of seller for any purpose whatsoever. Distributor is not granted any right or authority to assume or to create any obligation or responsibility expressed or implied in behalf of or in the name of seller or to bind seller in any manner or thing whatsoever.' ''

He averred:

''That the said Don Lee, Inc., is not, and has never been, an agent of the General Motors Sales Corporation, and has not, and never had, any authority to enter into any agreement in behalf of the said General Motors Sales Corporation. That deponent is informed and believes that Bianco's Garage located in San Rafael, California, was, and is, a subdealer by appointment of said Don Lee, Inc., and purchased Cadillac and LaSalle cars from the said Don Lee, Inc. That said Bianco's Garage is not and never has been an agent of the General Mo-

tors Sales Corporation; and has not, and never had, authority to enter into any agreements for and in behalf of General Motors Sales Corporation.''

If Don Lee, Inc., breached the mentioned contract, limiting the scope of his agency, the penalty for such action cannot be visited upon an innocent third party.

Under the allegations in plaintiff's declaration and admissions made in the answer and the affidavit .of the sales manager, notification of the sale to plaintiff and receipt of the purchase money, it did not make any difference whether Don Lee, Inc., or Bianco's Garage had any authority to represent defendant in the premises. The attempt of the sales manager to collect from plaintiff an obligation, asserted to be due Bianco's Garage, and having in his hands full payment for the automobile constituted ratification of the now claimed unauthorized action by Don Lee, Inc., and Bianco's Garage. This attempted collection having nothing to do with the sale by defendant to plaintiff bars defendant sales company from now raising the point.

The rule we have in mind is stated as follows in 21 R. C. L. p. 919:

''It is a well established rule of law that if one, not assuming to act for himself, does an act.for or in the name of another upon an assumption of authority to act as the agent of the latter, even though without any precedent authority whatever, if the person in whose name the act was performed subsequently ratifies or adopts what has been so done, the ratification relates back and supplies original authority to do the act. In such a case the principal is bound to the same extent as if the act had been done in the first instance by his previous authority; and this is true whether the act be detrimental to the principal or to his advantage, or whether it sound in contract or tort.' '

See *Busch* v. *Wilcox,* 82 Mich. 315, where we held (quoting syllabus):

"When a person adopts the unauthorized acts of another in his behalf, and has received the benefits accruing therefrom, he adopts and ratifies the instrumentalities by which the fruits were obtained."

Defendant had payment for the automobile in its hands and offered to deliver the car to plaintiff if he paid an additional $106.40 to one the defendants now claim never had any authority from either of them to sell the automobile. Defendants' manager had no right to act as a collector for Bianco's Garage. The subsequent return of the price paid for the car to Don Lee, Inc., and thereafter sale of the automobile to another did not relieve defendants from responding to the action at bar. Had it not been for Bianco's demand that defendants collect his claim against plaintiff the car would have been delivered to plaintiff.

The denial of the motion for summary judgment is affirmed, with costs against defendants.

BOYLES, STARR, and BUSHNELL, JJ., concurred with WIEST, J. BUTZEL, J., did not sit.