Elizabeth Schmidt, Landlord, Appellant, *v.* William A. Leary, Tenant, Respondent.

County Court, Westchester County, May 17, 1945.

*Alfred F. Fanelli* for appellant.

*Christopher J. Murphy* for respondent.

Schmidt, J. This is an appeal from a final order of the City Court of New Rochelle in favor of the tenant dismissing the landlord's petition in summary proceedings.

On December 30, 1944, the landlord purchased the property concerned from the former owner who had a written lease with the tenant. This lease contained a clause providing for a sixty-day notice to cancel the lease upon execution of a contract for the sale of the demised premises. Such a notice was duly served and the lease was terminated as of February 1, 1945.

While the contract of sale was not put in evidence both parties assumed its existence .and the tenant offered no objection to this assumption. On this appeal, this court accepts its execution as of November 30, 1944.

Proper application was made to the Rent Director of Westchester County for a certificate permitting eviction of the tenant that the new owner might obtain possession of the property for personal occupancy (Rent Regulation for Housing in the Westchester County Defense-Rental Area, § 6, subd. (b), par. (2) ; 8 Fed. Reg. 14668). This was issued on January 2, 1945, and permitted instituting action for the eviction of the tenant not sooner than April 2, 1945.

On April 2, 1945, such action was instituted. No notice to vacate under the Real Property Law [§ 228], was ever given nor was this necessary under the circumstances of this case. The lease had been terminated on February 1, 1945. The new owner then had the option as to how to treat the tenant. She could treat him as a holdover or as a trespasser. The landlord's intention alone is to be investigated. (*Adams* v. *City of Cohoes,* 127 N. Y. 175; *Stewart* v. *Briggs,* 147 App. Div. 386; *Bastede* v. *Levan,* 171 Misc. 140.)

Had there been an existing tenancy, a notice to vacate would have been necessary and Interpretation 6 (b) (2)–V found in " Rent Regulation for Housing, with Official Interpretations " issued by the Office of Price Administration and dated June 1, 1943, would have applied. Said Interpretation reads as follows:

" Interpretation 6 (b) (2)–V. *Service of Eviction Notice Prior to Expiration of Three-Months' Period.*

" After October 20, 1942, V sells a house to L who pays one-third of the purchase price in cash. At the time of sale the house is rented to T on a month-to-month basis. L petitions the Rent Director for a certificate under Section 6 (b) (2). The Rent Director, pursuant to that provision, issues a certificate authorizing the purchaser to pursue his remedies for removal or eviction of T in accordance with the requirements of local law at the expiration of three months after the date of issuance of the certificate.

" Under local law it is necessary for L to give one month's notice in order to terminate the month-to-month tenancy and give B the right to possession. L inquires whether he may, during the three-month period, give T a notice to vacate at the expiration of such period. The Regulation permits the giving of such a notice. This is not considered the ' pursuit of B's remedies ' under local law within the meaning of Section 6 (b) (2). However, the notice must not require a surrender of possession prior to expiration of the three-month period."

Upon cancelation of the lease the tenant became a statutory tenant under Office of Price Administration regulations until April 2, 1945, and not a tenant by will or by sufferance. The landlord elected to treat the tenant as a trespasser who was entitled to no notice to vacate and instituted the present proceeding. Upon showing the cancelation of the lease, the certificate permitting eviction and the continued occupancy by the tenant after April 2, 1945, the landlord became entitled to a final order. The final order of the City Court of New Rochelle must therefore be reversed and a final order and warrant in favor of the landlord issued by this court.

Submit such final order and warrant.